# In the United States Court of Federal Claims

No. 17-350C

(Filed: April 6, 2018)

```
*************************************
                                    *
MICHAEL PARKER,                     *
                                    *
                    Plaintiff,      *
                                    *   Fair Labor Standards Act, Attorneys'
v.                                  *   Fees; 29 U.S.C. § 216(b); Offer of
                                    *   Judgment; Burden of Proof; Billing
THE UNITED STATES,                  *   Records.
                                    *
                    Defendant.      *
                                    *
*************************************
```

*Annette Farnaes*, Rosenberg, Shpall & Zeigen, APLC, San Diego, California, for Plaintiff.

*Erin K. Murdock-Park,* with whom were *Chad A. Readler,* Acting Assistant Attorney General, *Robert E. Kirschman, Jr.,* Director, and *Deborah A. Bynum,* Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., as well as *Major Corey Pullig*, Of Counsel, Labor and Employment Counsel, Western Area Counsel Office, Camp Pendleton, California, for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

On December 13, 2017, Plaintiff Michael Parker filed a motion for attorneys' fees after alleging overtime pay violations according to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* The prevailing party in a FLSA action is entitled to reasonable attorneys' fees. 29 U.S.C. § 216(b). In this case, Mr. Parker accepted the Government's offer of judgment pursuant to Rule 68(a) of the Court, but the parties were unable to agree on the award of attorneys' fees.

Mr. Parker requests attorneys' fees in the amount of $16,687.50. These attorneys' fees are based on a total of 44.5 attorney hours billed at an hourly rate of $375. While the Government agrees with Mr. Parker's entitlement to attorneys' fees, it objects to the

$16,697.50 figure, arguing that the requested amount is unreasonable.   Further, the Government filed a motion to strike information related to settlement discussions included in Mr. Parker's motion.

For the reasons set forth below, Mr. Parker's motion for attorneys' fees is GRANTED IN PART.   Mr. Parker is entitled to receive $4,087.50 for attorneys' fees resulting from this litigation.  The Government's motion to strike is moot, as the settlement discussions were not considered in this decision.

Background

Between 2007 and 2016, Mr. Parker worked as a paramedic for the United States Department of Defense at the Camp Pendleton Fire Department (hereinafter "Government"); in 2016, his employment changed to a temporary, unfunded position. Compl. at 1.  On September 6, 2016, Mr. Parker filed a complaint in the United States District Court for the Southern District of California, alleging that the Government violated the FLSA by (1) failing to compensate him for overtime work, allegedly totaling $419,234, and (2) retaliating against him by reducing his hours and assigning him to a work schedule that rendered overtime impossible.  See Parker v. Dep't of Navy, No. 3:16-CV-2242-CAB, 2017 WL 733426, at *1 (S.D. Cal. Feb. 24, 2017); see also Compl., Ex. 1.  Additionally, Mr. Parker argued that the Government did not keep adequate records of his hours and wages, leading to inaccurate calculations.   Parker, 2017 WL 733426, at *1.   After considering the filings from both parties, the California district court dismissed the overtime compensation claim for lack of jurisdiction and ordered the claim to be re-filed in the United States Court of Federal Claims.  Id. at *3.  The retaliation claim, which sounded in tort, continued in the California district court.

On March 15, 2017, Mr. Parker filed his complaint with this Court, again alleging unlawful deprivation of overtime compensation pursuant to the FLSA. Compl. at 4, 8. Mr. Parker also claimed that the Government did not correctly calculate the "regular rate of pay" used to determine FLSA overtime compensation. Id. at 7 (citing 29 U.S.C. § 207(a)). In his complaint, Mr. Parker sought monetary damages based on a complete and accurate accounting as well as reasonable attorneys' fees. Compl. at 9.

Shortly after Mr. Parker filed his overtime compensation claim in this Court, the district court handling his retaliation claim ordered the relevant parties to engage in early neutral evaluation ("ENE") with a magistrate judge.  See Def.'s Resp., Ex. 1 (Notice and Order for Early Neutral Evaluation Conference, dated March 23, 2017) ("ENE Order"). ENE consists of a conference aimed at resolving a case at an early stage of litigation.  See ENE Order at 2.  As required by the district court, Assistant U.S. Attorney Valerie Torres ("AUSA Torres"), the attorney of record for the retaliation case, attended the ENE; Government counsel in the overtime compensation case also attended the ENE at AUSA

Torres' request.  See Def.'s Resp., Attach. A (Declaration of Assistant U.S. Attorney Valerie Torres ("Torres Decl.") at ¶ 5.

By June 2, 2017, Mr. Parker reached a settlement agreement regarding the retaliation claim, and the district court dismissed the claim on September 1, 2017.  See Def.'s Resp. at 2.  As a result of the settlement, Mr. Parker received a lump sum, of which attorneys' fees were included but not separately negotiated.  Pl.'s Mot. at 3-4.

On November 2, 2017, a few months after the retaliation claim was resolved in the district court, the parties in this case filed a joint notice of acceptance of a Rule 68 offer of judgment.  See Dkt. No. 9.  According to the offer of judgment, Mr. Parker was entitled to receive $6,000 in damages as well as "reasonable attorney fees and costs, attributed solely to this case and incurred from March 15, 2017 to [August 17, 2017]."  Id. at 4.  The parties, unable to agree on attorneys' fees, sought resolution on that issue from the Court.

On December 13, 2017, Mr. Parker filed a motion for attorneys' fees. Dkt. No. 11. In this motion, Mr. Parker asserts that attorneys' fees incurred for this matter amount to $20,434.50. Pl.'s Mot. at 2. This amount is based on billing records of approximately 54.5 hours at an hourly rate of $375, the law firm's billing rate between March and August 2017. Pl.'s Mot. at 2; see also Id., Ex. 2 ("Client History Bill"). Mr. Parker alleges that the $375 billing rate is not only reasonable, but it is also below the average attorney rate in San Diego, the location of counsel's office. Pl.'s Mot. at 2. In addition to explicit requests for costs resulting from the overtime compensation case before this Court, Mr. Parker includes costs pertaining to the California district court's mandatory ENE, arguing that the ENE pertained to both the retaliation claim and the overtime compensation claim. Pl.'s Mot. at 3; see also Client History Bill. Mr. Parker states that the Government attended the ENE conference and attempted to settle its case through this process. Pl.'s Mot. at 3. Mr. Parker further explains that he received a percentage of the lump sum resulting from the retaliation settlement, rather than a specific calculation based on hours worked. Id. at 3-4. After outlining this argument, Mr. Parker adjusted the initial fee request and reduced the ENE hours by half since the conference supposedly addressed both the retaliation and overtime compensation matters. Id. at 4. Mr. Parker now requests $16,687.50 of attorneys' fees for 44.5 hours of professional work performed. Id.

The Government filed its response on December 22, 2017, arguing that while Mr. Parker is entitled to attorneys' fees as a result of the offer of judgment, the amount requested is unreasonable. Def.'s Resp. at 3. The Government claims that at least $16,350 of the fees initially claimed by Mr. Parker should be omitted, thereby concluding that Mr. Parker is entitled to approximately $4,087.50 in attorneys' fees.

Discussion

I.   Recovery Under the FLSA

Our legal system largely adheres to the "American Rule," whereby each party to a lawsuit bears its own attorneys' fees regardless of the outcome. See Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). Despite this general rule, Congress may authorize courts to award attorneys' fees to prevailing parties in specific instances. For example, under 29 U.S.C. § 216(b) of FLSA, which establishes overtime pay and other standards affecting government employees, a court may award reasonable attorneys' fees and costs to the prevailing party. See, e.g., Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 745 (1981). An offer of judgment pursuant to Federal Rule of Civil Procedure 68 stipulates that the plaintiff shall be treated as the prevailing party. See Delta Air Lines, Inc. v. August, 450 U.S. 346, 363 (1981) (Powell, J., concurring).

While reasonable attorneys' fees are permitted under the FLSA, Congress does not actually define reasonableness in the statute. The Federal Circuit, however, often considers the factors outlined in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), to determine the reasonableness of attorneys' fees. See Electro-Mechanical Indus. v. Universal Support Sys., 359 F.App'x 160, 166 (Fed. Cir. 2009); see also Cook v. United States, 855 F.2d 848, 851-52 (Fed. Cir. 1988) (applying Johnson factors in order to decide appropriate FLSA attorney fees). The factors include, but are not limited to, the time and labor required; the novelty and difficulty of the questions; the skill requisite to adequately perform the legal service; the customary fee; and the amount involved in the results obtained. Johnson, 488 F.2d at 717-20.

The party seeking attorneys' fees bears the burden of showing that the requested amount is reasonable; counsel is also expected to exercise "billing judgment" when maintaining records. Hensley, 461 U.S. at 437. An attorney's billing records should be kept in a manner that will allow a reviewing court to understand and identify distinct claims within reason. Id. Courts do not require excessive detail in record keeping, but counsel should adequately identify the subject matter of each billing entry, which provides a basis for recovery. See id. at n.12.

Whether Mr. Parker is entitled to attorneys' fees in this case is not in dispute. See Def.'s Resp. at 3. Mr. Parker accepted a Rule 68 offer of judgment regarding his overtime compensation claim brought under FLSA. See Dkt. No. 9 at 7. As such, he is a prevailing party authorized to receive attorneys' fees. The reasonableness of the requested fees, however, is at issue.

4

## II.   Attorneys' Fees

### a.   Reasonable Billing Rate

Counsel of record for Mr. Parker seeks recovery based on an hourly billing rate of $375, which is allegedly below the San Diego average.  Pl.'s Mot. at 2.  The Government does not challenge the reasonableness of this rate.  Def.'s Resp. at 4.  The Court therefore makes no adjustments to the hourly billing rate of $375.

### b.   Fees Attributed to This Case

Recovery under the Government's offer of judgment in this case is expressly limited to "$6,000, plus reasonable attorney fees and costs, *attributed solely to this case and incurred from March 15, 2017 to [August 17, 2017].*" Dkt. No. 9 at 7 (emphasis added). Mr. Parker accepted the Rule 68 offer on these terms.  Id.  The Government argues that at least 43.6 hours of the total hours outlined in Mr. Parker's motion for attorneys' fees are not attributable to this case and therefore should not be awarded.  Def.'s Resp. at 8.

### i.   Costs Pertaining to Unrelated Matters

The Government contends that 15.8 hours of time in Mr. Parker's motion do not relate to his overtime compensation claim.  Def.'s Resp. at 5.  These hours are identified as eighteen entries from Mr. Parker's client history bill.  See Client History Bill.  The entries include a telephone call with "US Attorney" for .30 hours on March 16, 2017; reviewing court orders and calendar dates for .50 hours on April 11, 2017; and participating in a telephone call regarding the retirement age for fire inspectors for .30 hours on April 26, 2017.  See id.; see also Def.'s Resp. at 6.

Regarding the March 16, 2017 entry, there are no named U.S. Attorneys associated with this case.  The only U.S. Attorney mentioned in any of the parties' briefs is AUSA Torres, counsel of record in the district court's retaliation case.  Considering this fact and Mr. Parker's failure to otherwise explain this time, this charge cannot be assumed to be attributable to the overtime case.  Similarly, addressing Mr. Parker's April 11, 2017 "court order" entry, as the Government notes, no court order was issued in this case on or before this date.  See generally docket.  Therefore, it is highly unlikely that this entry pertains to the case at hand.  Mr. Parker's claim concerning the retirement age for fire inspectors does not seem applicable to this case either, as Mr. Parker makes no allegations regarding retirement in his complaint and does not present evidence to show otherwise in the briefing on attorneys' fees.  See Compl.; see also Pl.'s Reply.  As these matters do not relate to the overtime case, they cannot be awarded.

In addition to wholly unrelated matters, Mr. Parker lists entries that the Government attributes to the retaliation case.  Def.'s Resp. at 6.  The grouped claims are as follows: (1) 5.1 hours of correspondence with the client, participating in an "interoffice conference regarding status," and "review[ing] documents and all emails" on April 11-12, 2017; (2) 4 hours of "finaliz[ing] statement and find[ing] appropriate exhibits" and hosting an in-office conference on April 13, 2017; (3) reviewing "defendant's ENE statement" for .50 hours on April 19, 2017; (4) emailing about the ENE conference for .20 hours on April 25, 2017; (5) corresponding with the client for .30 hours on May 22, 2017; (6) dealing with settlement discussions, emails, calls and calculations for 2.6 hours on May 24, 2017 and May 25, 2017; and (7) .30 hours of emails and phone calls "regarding status" on June 1, 2017 as well as .40 hours of "emails with client and defendants" on June 6, 2017.  See Client History Bill.

Mr. Parker does not offer any connection between these entries and this overtime compensation case other than asserting that including ENE preparation time is reasonable, because the conference involved both the retaliation and overtime compensation claims. Pl.'s Reply at 3.  While Mr. Parker does not provide any information showing that the contested 5.1 hours of correspondence between April 11 and 12, 2017 relate to this case, the Government presents evidence that Mr. Parker and AUSA Torres exchanged emails concerning the ENE and Mr. Parker's certifications on these dates.  Torres Decl. at ¶¶ 6(a), 6(b).  Although it is possible that Mr. Parker performed work on the overtime compensation case on these dates, Mr. Parker has not met his burden in demonstrating such.  Therefore, this time may not be considered toward attorneys' fees.  To the April 13, 2017 entry of finalizing the statement and appropriate exhibits as well as the in-office conference, no documents or statements were filed in this case near that date; on the other hand, the ENE statements were due to the district court on April 17, 2017.  Torres Decl. at ¶ 4.  Again, Mr. Parker has failed to show that these charges may be credited to the overtime compensation claim.

The April 19 and 25, 2017 entries explicitly mention the ENE conference.  See Client History Bill.  The offer of judgment specifies that recovery is limited to charges solely attributed to this case.  The ENE conference was mandated by the district court concerning the retaliation matter and directly involved AUSA Torres.  Although the Government attended this conference as well, Mr. Parker has not demonstrated that this time relates or may be solely attributed to the overtime compensation case.  Therefore, these claims cannot stand.  Similarly, the May 24 and 25, 2017 claims mention settlement negotiations which occurred shortly before the retaliation case settled in district court.  The record refers to settlement emails between AUSA Torres and Mr. Parker on these dates but shows no evidence that these negotiations involved the overtime case.  See Torres Decl. at ¶ 6(e).

The June 1 and 6, 2017 entries are noteworthy in that they are particularly vague. Mr. Parker's counsel was simultaneously handling two claims for the client yet generally

billed time for "emails and phone calls regarding status" and "various emails with client and defendants." <u>See</u> Client History Bill.  While the latter entry suggests both cases are involved, calculating or guessing the amount of time devoted to one case compared to another is not within the Court's purview or responsibility.  Mr. Parker has again failed to demonstrate that these charges should be credited to the case before this Court.

The remaining claims of the disputed 15.8 hours are based on a May 23, 2017 entry for .90 hours and a July 13, 2017 entry for .40 hours.  <u>See</u> Client History Bill.  The May 23, 2017 entry was redacted by Mr. Parker and should not be included in the fee calculations.  The July 13, 2017 entry seems to be a mistaken duplicate for a conference call held with the Court on that date.  Mr. Parker may only recover for this entry once, so the second entry will not be considered.

Of the disputed 15.8 hours, Mr. Parker is not entitled to receive any of these fees, as he has not demonstrated that these matters pertain to the case at hand.

## ii.   Additional ENE-Related Claims

The Government contests all entries between May 3 and 8, 2017, as they directly pertain to the mandatory ENE, which the Government argues is not related to this case.  Def.'s Resp. at 6.  Mr. Parker counters that Government counsel's presence at and involvement with the ENE prove that these claims should be considered in this action.  Pl.'s Mot. at 3.  Again, the offer of judgment explicitly states that attorneys' fees must be attributed solely to this case.  Mr. Parker admits that these entries do not distinguish between the retaliation and overtime pay claims, which is one of the reasons why he seeks recovery of only one-half of these hours.  <u>Id.</u> at 4.

While the Court acknowledges the Government's attendance at the ENE discussion and recognizes that there may be connections between the retaliation and overtime compensation claims, a supposed link is not enough.  Mr. Parker has not shown that these ENE entries are indeed attributable to the overtime compensation claim and has not explained what percentage of the time spent applies to each case.  Therefore, he has not demonstrated that the Government is responsible for these entries, which amount to 20.4 hours.

## iii.   Costs Following the Offer of Judgment

Mr. Parker attempts recovery of 7.4 hours of work between September 13 and 20, 2017.  <u>See</u> Client History Bill.  Fed. R. Civ. P. 68(a) explains that an offer of judgment involves costs "then accrued," meaning costs accumulated until the date of the offer.  The offer of judgment in this case permits fees "incurred from March 15, 2017 to date."  Dkt. No. 9 at 4.  The Government presented the offer on August 17, 2017; based on the

agreement, any costs subsequent to this date cannot be awarded.  The Court accordingly disregards the 7.4 hours claimed after August 17, 2017.

> c.  <u>Double Recovery</u>

The Government also protests a number of Mr. Parker's claims on the grounds of double recovery, asserting that Mr. Parker's counsel seeks compensation for matters already addressed as a result of the retaliation settlement.  Def.'s Resp. at 8.  Double recovery, or "a second payment for the same billable time" is impermissible.  <u>Bravo v. City of Santa Maria</u>, 810 F.3d 659, 668 (9th Cir. 2016).  Mr. Parker explains that he does not seek double recovery, because the retaliation claim resulted in a lump sum settlement that did not detail attorneys' fees.  Pl.'s Reply at 3.  Mr. Parker further states, "it is therefore impossible to state whether our attorney fees received in the retaliation case included payment for each and every time entry."  Pl.'s Mot. at 4.  As such, Mr. Parker proposes reducing the award based on ENE entries by one-half.  <u>Id.</u>

The Court acknowledges that double recovery is impermissible but does not believe it is at issue here.  The Court cannot grant ENE fees because Mr. Parker failed to accurately document time and identify which portion of the ENE hours pertain to the retaliation case and which involve the overtime pay case.

Conclusion

The Court recognizes that counsel for both parties worked diligently to achieve a resolution in this case.  However, the importance of accurate record keeping must be emphasized.   As Mr. Parker's counsel did not keep billing records that properly distinguished between the client's retaliation case in the California district court and the overtime compensation matter before this Court, the Court unfortunately cannot grant the majority of the claim.  The Court GRANTS IN PART Mr. Parker's motion for attorneys' fees.  The Court finds that counsel's hourly rate of $375 is reasonable and awards Mr. Parker $4,087.50 in attorneys' fees for the undisputed hours worked and adequately recorded.  The Clerk is directed to enter final judgment in this amount.  No costs.

IT IS SO ORDERED.

> s/Thomas C. Wheeler
> THOMAS C. WHEELER
> Judge